IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **W.F.** | : CIVIL ACTION |
| Plaintiff(s), | : |
| v. | : No. |
| **CAMP LOHIKAN, INC. AND CAMP LOHIKAN, LLC** | : JURY TRIAL DEMANDED |
| Defendant(s) | : |

## COMPLAINT

AND NOW, come the Plaintiff(s), by Andreozzi + Foote, who file this Complaint against the Defendant(s), Camp Lohikan, Inc. and Camp Lohikan, LLC ("Defendants"), and in support thereof, state as follows:

## PARTIES

1. W.F. is a minor male and a resident of the state of New York.[1]

2. Camp Lohikan, Inc. is a domestic limited liability company formed in Pennsylvania and with a registered office at 343 Wallerville Road, Lake Como, PA 18437.

---

[1] Given the extremely sensitive and potentially embarrassing nature of the allegations contained in this Complaint, Plaintiff's address is not provided. Further, pursuant to Local Rule 5.2(d)(2), only Plaintiff's initial are used in this pleading.

3. Camp Lohikan, LLC is a domestic limited liability company formed in Pennsylvania and with a registered office at 343 Wallerville Road, Lake Como, PA 18437.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendant(s) conduct(s) business in this District, and/or a substantial part of the events or omissions giving rise to the claim(s) herein occurred in this District.

## FACTS

*Camp Lohikan Generally*

6. Defendants own and operate Camp Lohikan, a residential summer camp for children aged 6 to 15 located at 343 Wallerville Rd, Lake Como, PA 18437.

7. Per its website, the mission of Camp Lohikan is "to provide children with a safe camp environment and staff it with caring adults who are committed to their positive growth and development."

8. Camp Lohikan describes itself as "a camp where the rights and dignity of all individuals is (sic) respected."

9. At Camp Lohikan, each camper is assigned to a cabin.

10. Each cabin is under the direct supervision of 2 to 4 college-aged counselors who reside in the cabin with the campers.

*Sexual Assault of Plaintiff*

11. Plaintiff attended Camp Lohikan for three (3) summers in a row, beginning in 2019.

12. Plaintiff's last year at Camp Lohikan was in the summer of 2021, when he was 13 years old.

13. In July of 2021, Plaintiff was in his assigned cabin with his cabinmates and a camp counselor when several other children who were not assigned to Plaintiff's particular cabin entered.

14. Upon information and belief, unassigned campers were allowed to be in other sleeping cabins.

15. Things started to escalate and some of the children and unassigned campers began acting rowdy. They started hitting, poking, and "sword fighting" each other with broomsticks and throwing items around the room.

16. The counselor present in the cabin only told the boys to "calm down" but did not take any further steps to intervene and remained on his bed.

17. Plaintiff was laying on his assigned bed, not participating in the escalating behavior of the other boys.

18. Suddenly, a boy from another cabin who was participating in the antics pushed Plaintiff down on the bed and told the other boys to hold Plaintiff down.

19. This boy then proceeded to sexually assault Plaintiff with a broomstick while six (6) other boys held Plaintiff face-down on his bed.

20. Eventually, the counselor told the boys to break it up and Plaintiff was able to remove the broomstick from his body.

21. The counselor did not report the violent sexual assault to either his superiors or the police, nor were the boys disciplined or expelled from the camp.

22. In fact, the only action that was taken was that after the assault, the counselor present during the assault held a meeting with the campers and told them that all of the brooms would be removed from the Plaintiff's cabin and the perpetrators' cabin.

23. For several days after the assault, it would hurt when Plaintiff sat down, and Plaintiff had blood in his stool.

24. Plaintiff did not return to Camp Lohikan the following summer due to the assault and the camp's obvious mishandling of the situation.

25. Because of the foregoing conduct of Defendant(s), the Plaintiff(s) suffered severe and permanent injuries and damages.

26. For example, following the assault, Plaintiff began abusing marijuana to cope with the psychological and emotional distress caused by the assault.

## COUNT I
### Negligence, Gross Negligence, and Recklessness
*(Plaintiff(s) v. Defendant(s))*

27. Plaintiff(s) incorporate the foregoing paragraphs as though fully set forth herein.

28. At all times relevant, Defendant(s) owed a duty to protect Plaintiff(s) from harm while in the care of Defendant(s) and/or Defendant(s)'s agents.

29. Defendant(s) violated its duty, and was negligent, careless, grossly negligent, and/or reckless as follows:

   a. By Defendant(s)'s agent(s) leaving children unsupervised while in Defendant(s)'s agent(s)'s care;
   b. By failing to establish adequate child abuse prevention policies, procedures, and practices;
   c. By failing to make mandatory and adhere (and ensure adherence) to such policies, procedures, and practices;
   d. By failing to retain, hire, train, and supervise agents/employees with regard to the prevention of child sexual abuse;
   e. By failing to adequately monitor and supervise Perpetrator(s) and Plaintiff(s);
   f. By failing to know the risks of sexual abuse inherent in youth serving activities;
   g. By failing to require child sex abuse training for guardians and children;
   h. By failing to report Perpetrator(s) to the appropriate authorities; and,

30. As a direct and proximate cause of Defendant(s)'s actions and

omissions, and breach of the duties of reasonable care, Plaintiff(s) were injured, resulting in damages.

## JURY TRIAL DEMAND

Plaintiff(s) hereby demand a trial by jury on all issues so triable.

## DEMAND FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff(s) respectfully request judgment in their favor and against Defendant(s) as follows: (1) compensatory and punitive damages in an amount to be proven at trial; (2) pre- and post-judgment interest; (3) such other and further relief as this Court deems just and proper.

Respectfully Submitted,

**ANDREOZZI + FOOTE**

Dated:   5/14/25

*s/ Ryan Dickinson, Esq.*
Ryan P. Dickinson, Esquire
Nathaniel L. Foote, Esquire
4503 North Front Street
Harrisburg, PA 17110
Ph: 717.525.9124 | Fax: 717.525.9143
info@vca.law
*Attorneys for Plaintiff(s)*