IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| W.F., | : | No. 3:25cv853 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| CAMP LOHIKAN, INC.; and CAMP LOHIKAN, LLC, | : | |
| | : | |
| Defendants | : | |

............................................................................................................

# MEMORANDUM ORDER

This case arises from allegations of sexual assault at a summer camp. Plaintiff, W.F., a minor, brings claims against Defendants Camp Lohikan, Inc. and Camp Lohikan, LLC (hereinafter "Camp Lohikan") for negligence, gross negligence, and recklessness arising out of the alleged sexual assault. (Doc. 1).

Presently before the court are two motions filed by Camp Lohikan: 1) a motion to remove the case to state court under Rule 12(b)(3) of the Federal Rules of Civil Procedure; and a motion to dismiss under Rule 12(b)(6) or, in the alternative, to appoint a representative for the minor plaintiff. (Doc. 6). For the reasons that follow, the motion to remove the case to state court and the motion to dismiss will be denied; however, the motion to appoint a representative for the minor plaintiff will be granted.

**Background**

W.F. attended Camp Lohikan for three (3) consecutive summers beginning in 2019.[1] (Doc. 1, Compl. ¶ 11). In July 2021, when he was thirteen (13) years old, plaintiff allegedly sat in his assigned cabin with his cabinmates and a camp counselor. (Id. ¶ 13). That day, several children who were not assigned to plaintiff's cabin allegedly entered and began acting rowdy. (Id. ¶ 15).

According to the complaint, one of the boys from another cabin pushed W.F. down onto his bed and instructed other boys to hold him down. (Id. ¶ 18). The complaint asserts that while six (6) other boys restrained W.F. face-down on the bed, the first boy proceeded to sexually assault him with a broomstick. (Id. ¶ 19). W.F. further alleges that the incident occurred in the presence of a camp counselor who failed to report the assault to his superiors or to law enforcement. (Id. ¶¶ 16, 20, 21). It is alleged that the boys involved were neither disciplined nor expelled from the camp. (Id. ¶ 21). Plaintiff claims that he suffered severe and permanent injuries as a result of the incident. (Id. ¶ 25).

On May 14, 2025, plaintiff filed a one-count complaint asserting negligence, gross negligence, and recklessness against Camp Lohikan. (Id. ¶¶ 27-30). On

---

[1] These brief background facts are derived from plaintiff's complaint. At this stage of the proceedings, the court must accept all factual allegations in the complaint as true. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The court makes no determination, however, as to the ultimate veracity of these assertions.

2

June 24, 2025, Camp Lohikan moved to remove the case to state court, dismiss the complaint, or in the alternative, request that the court appoint a competent adult to represent the minor plaintiff. (Doc. 6). The parties have filed briefs in support of their positions, bringing the case to its present posture.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. W.F. is a citizen of the State of New York. (Doc. 1, Compl. ¶ 1). Defendants Camp Lohikan Inc. and Camp Lohikan LLC are citizens of Pennsylvania. (Id. ¶¶ 2, 3). Additionally, the amount in controversy exceeds $75,000. (Id. ¶ 4). Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over this case. See 28 U.S.C. § 1332 ("[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"). As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Under Rule 12(b)(3), a court may dismiss a complaint for improper venue. FED. R. CIV. P. 12(b)(3). "Because improper venue is an affirmative defense, the burden of proving lack of proper venue remains—at all times—with the defendant." Great W. Min. & Min. Co. v. ADR Options, Inc., 434 F. App'x 83, 86 (3d Cir. 2011). In resolving a Rule 12(b)(3) motion, the court must accept the allegations in the complaint as true and may consider affidavits submitted by the parties. Advoc. Tr. LLC v. Fed. Express Corp., No. 2:25-CV-03363, 2025 WL 2779336, at *4 (E.D. Pa. Sept. 26, 2025); see also Myers v. Am. Dental Ass'n, 695 F.2d 716 (3d Cir. 1982) (considering both parties' affidavits in ruling on a motion to dismiss). If the court determines that venue is improper, it "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Nonetheless, "[t]ransfer is not available, however, when a forum selection clause specifies a non-federal forum." Salovaara v. Jackson Nat. Life Ins. Co., 246 F.3d 289, 298 (3d Cir. 2001)). In that circumstance, dismissal is the only appropriate remedy. Id.

### 1. Enforceability of the Forum Selection Clause Against Minor

Camp Lohikan avers that W.F.'s father, M.F., signed camper applications on his behalf in 2018, 2019, 2020 and 2021.[2] (Doc. 7, Br. in Supp. at 2; Doc. 6, Exs. 1-3). Each application included a forum selection clause providing that:

> It is agreed that the venue and place of trial of any dispute or cause of action arising between the parties, whether out of this agreement or otherwise, shall be the Court of Common Pleas located in Wayne County, Pennsylvania, and shall be construed in accordance with the laws of Pennsylvania.

(Id.)[3]

Based on the foregoing, Camp Lohikan contends that this action should be removed to the Wayne County Court of Common Pleas pursuant to the forum selection clause contained in the camper application signed by plaintiff's father and natural guardian. (Doc. 7, Br. in Supp. at 2-3). Plaintiff disagrees and argues

---

[2] Both parties agree that M.F. was the only parent to sign W.F.'s camper applications on his behalf.

[3] Camp Lohikan attached to its motions camper applications pertaining to W.F., emails between Camp Lohikan and W.F.'s parents, and screen shots of Camp Lohikan's records. (Docs. 6-4 – 6-10). A court "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Citisteel USA, Inc. v. Gen. Elec. Co., 78 F. App'x 832, 835 (3d Cir. 2003) (quoting Pension Ben. Guar. Corp., 998 F.2d at 1196). Furthermore, where a document is integral to or explicitly relied upon in the complaint, it may be considered without converting a motion to dismiss for failure to state a claim into one for summary judgment under Rule 56. Doe v. Princeton Univ., 30 F.4th 335, 342 (3d Cir. 2022) (citations and internal quotation marks omitted). W.F. expressly references his summer camp experiences at Camp Lohikan in his complaint. Moreover, W.F. does not dispute the authenticity of the attached documents. Thus, the court will consider these documents.

that the forum selection clause is unenforceable against him. (Doc. 9, Br. in Opp. at 2).

"The Supreme Court of Pennsylvania has made clear that parties may freely contract to limit venue to one of several available venues." Somerlot v. Jung, 343 A.3d 324, 331 (Pa. Super. Ct. 2025), reargument denied (Oct. 9, 2025). The Supreme Court of Pennsylvania first recognized such an exception in Cent. Contracting Co. v. C. E. Youngdahl & Co., 418 Pa. 122, 209 A.2d 810 (1965). Id.

Under Central Contracting Co., "[t]he modern and correct rule is that . . . a court . . . should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation."[4] Central Contracting Co., 209 A.2d at 816 (citation omitted).

The parties agree that the modern trend favors enforcing forum selection clauses that are clear and unambiguous. They dispute, however, whether a forum selection clause contained in a contract signed by a parent on behalf of a child is enforceable against the child. Notably, both parties rely on portions of

---

[4] An agreement is unreasonable "where its enforcement would . . . seriously impair plaintiff's ability to pursue his cause of action. Mere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that the plaintiff received under the contract consideration for these things." Cent. Contracting Co. v. C. E. Youngdahl & Co., 418 Pa. 122, 133, 209 A.2d 810, 816 (1965)

6

Santiago v. Philly Trampoline Park, LLC, 291 A.3d 1213 (Pa. Super. Ct. 2023), to support their respective positions.

When Camp Lohikan's motions were fully briefed, Santiago was pending before the Pennsylvania Supreme Court. Two months later, the Supreme Court affirmed the Superior Court's decision. Santiago v. Philly Trampoline Park, LLC, 343 A.3d 995, 1001 (Pa. 2025). Accordingly, the parties' reliance on Santiago remains relevant.

Santiago involved consolidated appeals arising from injuries sustained by minors at defendants' facilities. Id. at 999. The defendants, operators of trampoline parks, required patrons seeking entry to execute "Participation Agreement, Release and Assumption of the Risk" document. Id. In each case, only one parent signed the agreement on the behalf of their child. Id. The Pennsylvania Supreme Court concluded that the agreement was unenforceable against the claims of the injured minor and the non-signing parent. Id.

Specifically, the Pennsylvania Supreme Court explained that "[t]he law recognizes two categories of guardians: guardians of the person, who are 'invested with the care of the person of the minor[,]' and guardians of the estate, who are 'entrusted with the control of the property of the minor.' " Id. at 1011 (quoting In re Stapas, 820 A.2d 850, 857 (Pa. Commw. Ct. 2003). These are "distinct and mutually exclusive" spheres of authority. Id. "Accordingly, parents,

7

who are recognized as natural guardians with rights to the care and custody of their minor children, have "no authority whatever to exercise any control over the estate of the minor."[5]  Id.

With that framework in mind, the Supreme Court has recognized that an accrued cause of action constitutes a vested property right. Santiago, 343 A.3d at 1012. "When a minor is injured, the parents and the minor have separate actionable claims; the parents have a claim for medical expenses and the loss of the minor's services, and the minor has claims for pain and suffering and for losses after minority." Santiago, 343 A.3d at 1012 (citing Dellacasse v. Floyd, 2 A.2d 860, 862 n.1 (Pa. 1938)).[6]

In light of this precedent, W.F.'s right to bring a cause of action is a property right that his father could not waive on his behalf absent court approval or appointment as guardian of the minor's estate. See Santiago, 343 A.3d at 1012; Steffe, 2025 WL 2877829, at *5.  Although Santiago addressed a forum selection clause requiring arbitration, its reasoning applies with equal force to the

---

[5] "Natural guardianship confers no right to intermeddle with the property of the infant, but is a mere personal right ... to the custody" of the minor. Santiago, 343 A.3d at 1011 (quotation omitted). "Guardians of the estate, in contrast, serve to affect a minor's estate and property in a manner that serves the best interests of the minor." Id.

[6] "[A minor's] right to bring a cause of action is a property right that her parents could not waive on her behalf without court approval or a court order appointing her parents as guardians of her estate. Steffe v. Toll PA, LP, No. 2043 EDA 2024, 2025 WL 2877829, at *5 (Pa. Super. Ct. Oct. 9, 2025) (citing Santiago, 343 A.3d at 1002).

clause at issue here referring the matter to state court. As the Pennsylvania Supreme Court made clear, "[p]arents, as natural guardians, do not have an inherent authority to 'intermeddle' with the property of their minor children, which includes legal causes of action." Santiago, 343 A.3d at 1015 (citation omitted).

Neither party has argued nor submitted any evidence that a court approved the waiver of W.F.'s right to pursue his claims in federal court. Nor is there any court order appointing M.F. as guardian of W.F.'s estate. Accordingly, the forum selection clause contained in the applications signed by W.F.'s father is unenforceable against W.F.'s claims.

Camp Lohikan argues that, under Santiago, M.F. possessed apparent authority or authority by estoppel to act on behalf of his spouse, H.F. (Doc. 7, Br. in Supp. at 5). Camp Lohikan raises this argument since M.F. was the only parent who signed W.F.'s camper applications. Camp Lohikan appears to advance this argument in support of enforcing the forum selection clause against the minor. That reliance is misplaced. The agency discussion in Santiago did not concern the enforceability of a contractual provision against a non-party minor. Rather, the court addressed apparent authority and authority by estoppel solely in the context of whether one spouse could bind the other to an arbitration agreement. See, e.g., Santiago, 291 A.3d at 1224.

Here, H.F. has not addressed any claims against Camp Lohikan. Thus, principles of apparent authority or authority by estoppel are irrelevant to the issues presented in Camp Lohikan's motions. The court therefore declines to address Camp Lohikan's argument that M.F. had apparent authority or authority by estoppel to act on behalf of his spouse. The court will reserve that discussion for another day should either parent become a plaintiff and assert claims in his or her own right.

For these reasons, Camp Lohikan's motion to remove this case to state court will be denied.[7]

### 2. Leave to Amend

Camp Lohikan argues that W.F., a minor, must be represented by a competent adult in civil proceedings. (Doc. 7, Br. in Supp. at 6) (citing FED. R. CIV. P. 17(c)(1))). Accordingly, Camp Lohikan requests that the complaint be dismissed or, alternatively, that the court appoint an appropriate representative to act on behalf of W.F. in this litigation. (Id.)

W.F. agrees that he must proceed through a proper representative and requests leave to file an amended complaint naming a competent adult as his

---

[7] Because the court will deny Camp Lohikan's motion on this ground, the court will not discuss W.F.'s alternative arguments related to the unenforceability of the forum selection clause on the basis that: (1) it is not contained in a commercial contract between business entities; (2) it is buried in the agreement, (3) and was not a bargained-for clause.

guardian. (Doc. 9, Br. in Opp. at 11). The court will grant that request. See Santiago, 343 A.3d at 1002–03 (holding that a court plays an important role "in litigation brought by a parent on behalf of a child, as it has the significant effect of transforming the parent's role from that of a natural guardian into, in essence, a court-approved guardian who has authority to make decisions about the minor's estate, not merely the child's person."); see also Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) ("Leave to amend must generally be granted unless equitable considerations render it otherwise unjust.") (citation omitted).

Therefore, Camp Lohikan's motion to dismiss will be denied. However, Camp Lohikan's request for appointment of a representative for the minor will be granted, as will plaintiff's request to amend. The amended complaint shall identify a guardian in compliance with Rule 17.

Thus, for the reasons set forth above, it is hereby **ORDERED** that:

1. Camp Lohikan's motion to remove this case to state court, (Doc. 6), is **DENIED;**

2. Camp Lohikan's motion to dismiss, (Doc. 6), is **DENIED;**

3. However, Camp Lohikan's request to appoint a representative for the minor plaintiff in this litigation is **GRANTED**; and

4. Plaintiff shall file an amended complaint naming a proper representative to act on behalf of the minor in this litigation **on or before March 12, 2026**.

Date: 2/20/26

JUDGE JULIA K. MUNLEY
United States District Court